IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal Action No. 07-00163-KD |
| | ) |
| LUCIOUS EDWARD JONES, | ) |
|   a/k/a Grump, | ) |
| | ) |
|   Defendant. | ) |

### ORDER

This action is before the Court on the motion for early termination of supervised release filed by Defendant Lucious Edward Jones. (Doc. 63). Upon consideration, and for the reasons set forth herein, the motion is **DENIED**.[1]

In 2007, Jones pleaded guilty to Count One of the Indictment charging a violation of 21 U.S.C. § 846 conspiracy to possess with intent to distribute cocaine. (Doc. 20). Jones was sentenced to a term of imprisonment of 120 months with five years of supervised release term (SRT) to follow. (Doc. 26).

In September 2018, an arrest warrant was issued as to Jones for accusations of SRT violations (possession of a controlled substance and attempting to elude a police officer). (Doc. 40). On October 7, 2019, Jones admitted guilt to these violations of supervision conditions and his SRT was revoked. (Doc. 47). Jones was committed to the custody of the United States Bureau of

---

[1] No evidentiary hearing is necessary when the district court denies a motion for early termination of supervised released. United States v. Reagan, 162 Fed. Appx. 912, 913 (11th Cir. 2006) ("A refusal to terminate supervised release does not constitute a modification of the term of supervised release. Accordingly, the district court was not required to hold an evidentiary hearing before denying Reagan's motion."); United States v. Smith, 2010 WL 716495, at *2 (M.D. Fla. Feb. 25, 2010) (same) (citing United States v. Reagan, 162 Fed. Appx. at 913).

Prisons for 14 months' imprisonment with 46 months of SRT to follow. (Id.).

In August 2023, an arrest warrant was issued as to Jones for accusations of SRT violations (leaving the Southern District of Alabama on multiple occasions without permission, failing to report his arrest and contact with law enforcement within 72 hours, and public intoxication). (Doc. 52). Jones admitted guilt to these violations of supervision conditions and his SRT was revoked. (Doc. 62). On October 6, 2023, Jones was committed to the custody of the United States Bureau of Prisons for two months' imprisonment with 24 months of SRT to follow. (Id.).

Jones moves the Court for early termination of SRT. (Doc. 63). Jones acknowledges his two SRT violations in the past but assures the Court that he has learned lessons from those mistakes. Jones alludes to positive steps he has taken in recent years—including obtaining a "TWIC Card" and starting a home repair business. (Id.). Jones shares that he is "the primary caregiver for his 77-year-old mother, who is legally blind and suffers from COPD." (Id.). And Jones explains his issues with his restriction on travel because he has family members who live in Texas. (Id. at 2). Jones's supervising United States Probation Officer opposes early termination due to Jones's previous compliance concerns.

A district court may terminate a term of supervised release "at any time after one year of supervised release has expired, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Before terminating a term of supervised release, however, the district court must consider the relevant factors in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

> The relevant § 3553(a) factors are: (1) the nature and circumstances of the offense; (2) the defendant's history and characteristics; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational and vocational training, medical care, or correctional treatment; (6) the applicable

guideline range; (7) any pertinent policy statements set forth by the Sentencing Commission; (8) the need to avoid unwarranted sentencing disparities; and (9) the need to provide restitution.

United States v. Cordero, 7 F. 4th 1058, 1069 (11th Cir. 2021) (citing 18 U.S.C. § 3553(a)(1), (2)(B)–(D), (4)–(7)). "It is not necessary for a special condition to be supported by each § 3553(a) factor; rather, each factor is an independent consideration to be weighed." United States v. Tome, 611 F.3d 1371, 1376 (11th Cir. 2010).

Upon consideration, the Court finds that early termination of Jones's SRT is not warranted. The requisite one year of supervised release has expired. But the relevant factors identified herein weigh in favor of denying Jones's motion for early termination of supervision. Specifically, Jones's record shows a history of non-compliance with conditions of supervision. Jones's SRT was revoked in 2019 and again in 2023 for violations of supervision conditions. For these same reasons, the United States Probation Officer also opposes early termination. Accordingly, Jones's motion is **denied**.

**DONE** and **ORDERED** this the **19th** day of **February 2025**.

                                              /s / Kristi K. DuBose
                                              **KRISTI K. DuBOSE**
                                              **UNITED STATES DISTRICT JUDGE**